UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 14 2009 ★

BROOKLYN OFFICE

Kathy D'Antuono
1949 76th St
Brooklyn, NY 11214

    Plaintiff,

v.

I. C. System, Inc
444 E Hwy 96
St Paul, MN 55127

    Defendant.

09-3971

Judge:

MATSUMOTO, J.

MANN. M.J.

COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT
COLLECTION PRACTICES ACT,
INVASION OF PRIVACY, AND OTHER
EQUITABLE RELIEF

JURY DEMAND ENDORSED HEREIN

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. In or around May 2009, Defendant spoke with Plaintiff on at least one occasion.

8. In or around May 2009, after speaking with Plaintiff, Defendant telephoned Plaintiff's sister (Sister) several times.

9. During several of these communications, Sister notified Defendant that Plaintiff did not live with Sister and that Defendant could not reach Plaintiff at Sister's residence.

10. During at least one of these communications, Defendant disclosed the existence, nature, and/or amount of the debt to Sister.

11. During at least one of these communications, Defendant asked Sister to pay Plaintiff's debt.

12. In and around May 2009, after speaking with Plaintiff, Defendant telephoned Plaintiff's mother ("Mother").

13. During several of these communications, Mother notified Defendant that Plaintiff did not live with Mother and that Defendant could not reach Plaintiff at Mother's residence.

14. During at least one of these communications, Defendant disclosed the existence, nature, and/or amount of the debt to Mother.

15. During at least one of these communications, Defendant asked Mother to pay Plaintiff's debt.

16. At the time of the communications with Sister and Mother, Defendant had Plaintiff's contact and location information.

17. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

### Invasion of Privacy by Public Disclosure of a Private Fact

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's mother and sister.

27. Defendant's disclosure of Plaintiff's debt to these people is highly offensive.

28. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff prays for the following relief:

3

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: *Maria Coen*

Maria A. Coen (Bar No. MC7312)
420 Lexington Avenue, Suite 2132
New York, NY 10170
Tel: 1.866.339.1156
Fax: 1.312.822.1064
Email: coe@legalhelpers.com
*Attorney for Plaintiff*